UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JAMES HIGHTOWER, | ) |
| Plaintiff, | ) Civil Action No. 5: 25-114-DCR |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| DENISE BURKETT, et al., | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court reviews Plaintiff James Hightower's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. A district court should dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). However, Hightower's complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Hightower complains that a member of the medical staff at Northpoint Training Center ("NTC") permitted inmates and staff to possess and handle documents containing his medical information while sending it to him at his cell. More specifically, he alleges that on March 18, 2024, an unnamed nurse handed a report of an X-ray taken of Hightower to one inmate, who in turn handed it to a staff member in Hightower's dorm, who in turn gave it to another inmate,

-1-

who in turn placed it on Hightower's bed in his open cell. [Record No. 1 at 5-7] Hightower states he suffered no physical injuries because of the potential exposure but suffered unspecified "mental injury" simply because he knew an inmate had handled his medical records. *See id*. at 7. Hightower sues the Kentucky Department of Corrections ("KDOC") Medical Director Denise Burkett, Regional Manager Dawn Patterson, NTC Medical Administrator John Golff, and the unnamed nurse, each in their individual and official capacities. [Record No. 1 at 3-4] He alleges violation of unspecified rights under the Eighth and Fourteenth Amendments. *Id*. at 4. In addition to monetary damages, Hightower seeks an order preventing KDOC staff from handing medical information to another inmate. [Record No. 1 at 7]

The Court will dismiss most of Hightower's claims with prejudice. First, his only allegations against defendants Burkett, Patterson, and Golff are that they denied the inmate grievances he filed about the handling of his X-ray report. [Record No. 1 at 5; Record No. 1-2 at 5, 7] However, the denial or failure to act upon an administrative grievance fails to establish the responding party's personal involvement in the underlying conduct and is therefore insufficient to establish liability under § 1983. *Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Herndon v. Heyns*, 702 F. App'x 325, 327 (6th Cir. 2017) ("[A]lthough Smith denied the grievance on appeal, that denial alone cannot form the basis for a section 1983 lawsuit.") (*citing Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). These claims will be dismissed.

That leaves Hightower's claim against the nurse who sent the documents. But Hightower has not identified the nurse by name, and a plaintiff may not pursue a claim against

-2-

an unidentified party. *Cf. Wudke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("It is pointless to include a list of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). The Court assumes for present purposes that Hightower could identify Jane Doe and could do so before the rapidly approaching expiration of the statute of limitations.[1] The state of the law in the Sixth Circuit regarding whether there is a due process right to privacy in medical information is incipient and context specific. *Cf. Lee v. City of Columbus, Ohio*, 636 F.3d 245, 259-61 (6th Cir. 2011) (collecting cases). The Court therefore cannot conclusively determine whether Hightower presents a viable privacy claim under the Fourteenth Amendment. But even if has done so, the remedy for any past injury is quite limited. Hightower cannot receive monetary damages because he alleges that he suffered no physical injury. *See* 42 U.S.C. § 1997e(e); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). Other forms of relief, however, may remain available.

For example, Hightower named all defendants in both their individual and official capacities. [Record No. 1 at 3-4] While the individual capacity claims against three of the defendants will be dismissed, the official capacity claims still must be addressed. An official capacity claim against a state official is not a claim against the officer arising out of his or her conduct as an employee of the state but a claim directly against the state agency that employs

---

[1] *See Brown v. Cuyahoga Co., Ohio*, 517 F. App'x 431, 433 (6th Cir. 2013) ("Replacing a 'John Doe' defendant with a new, previously unknown party is considered a change of parties and must comply with the requirements of Rule 15(c)(1)(C) when the change is made after the expiration of the applicable statute of limitations."); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) ("Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct that kind of problem.").

the individual. *Hopper v. Phil Plummer*, 887 F. 3d 744, 760 n.4 (6th Cir. 2018). Hightower suggests that "Wellpath" - not the KDOC - employs all four defendants. [Record No. 1 at 3-4] But the KDOC states that Medical Director Burkett is employed by the Commonwealth.[2] And the KDOC is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 12.250; *Gibbons v. Kentucky Dept. of Corrections*, No. 3:07CV-P697-S, 2008 WL 4127847, at *2-3 (W.D. Ky. Sept. 4, 2008). Therefore, KDOC is not a "person" subject to liability under Section 1983. *Puckett v. Lexington-Fayette Urban Co. Gov't.*, 833 F.3d 590, 598 (6th Cir. 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). And the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Ernst v. Rising*, 427 F. 3d 351, 358 (6th Cir. 2005) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)).

Still, the Eleventh Amendment does not foreclose "suits against state officials seeking equitable relief for ongoing violations of federal law." *Morgan v. Bd. of Prof. Responsibility of the Supreme Court of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023) (*citing Ex parte Young*, 209 U.S. 123 (1908)). If Hightower had alleged only that his medical report passed through the hands of numerous guards and inmates only once because of accident or neglect, the exception might not apply. But here, prison officials repeatedly and affirmatively responded that it was acceptable for medical records to be delivered to inmates in this fashion as long as the envelope was "sealed."[3] [Record No. 1-2 at 5, 7 ("The Healthcare Grievance Committee has reviewed

---

[2] See https://corrections.ky.gov/Divisions/healthservices/Pages/default.aspx (accessed April 12, 2025).

[3] Notably, Hightower alleged that "[t]he information was not sealed it was a folded piece of paper that had my name written on the back no confidential or anything else on the paper." [Record No. 1-2 at 8]

your complaint and your medical records. Concur with the informal resolution. This information can be sent via institutional mail if it is sealed.")] That response indicates that the practice is a matter of prison policy and is ongoing and thus appears to fall squarely within the *Ex parte Young* exception.

Because the Court has granted Hightower *pauper* status, the Clerk's Office will serve KDOC on his behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). The Attorney General of Kentucky will be served with process pursuant to Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure in accordance with Rule 4.04(6) of the Kentucky Rules of Civil Procedure.[4]

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff James Hightower's claims against defendants Burkett, Patterson, and Golff in their individual capacities are **DISMISSED** with prejudice.

2. A Deputy Clerk is directed to prepare two (2) "Service Packets" for defendant Kentucky Department of Corrections. The first Service Packet shall include, in Portable Document Format ("PDF"), the following:

   a. a completed summons form;

   b. the complaint [Record No. 1]; and

   c. this Order.

3. The Deputy Clerk is directed to attach the first Service Packet as an attachment to an e-mail directed to: ServetheCommonwealth@ky.gov. The subject line of the e-mail

---

[4]   *See* https://www.ag.ky.gov/about/Office-Divisions/OCEL/Pages/Electronic-Service-of-Process.aspx (accessed April 12, 2025).

-6-

shall state "Service of civil complaint upon the Kentucky Department of Corrections."  The Clerk shall note the date of delivery in the docket.

    4.    The Clerk shall send the second Service Packet in paper form by certified mail, return receipt requested, to:

> Office of Legal Services
> Kentucky Department of Corrections
> 275 East Main Street
> P. O. Box 2400
> Frankfort, Kentucky 40602-2400

Dated: April 14, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky