# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

JAMES HIGHTOWER,                )
                                )
         Plaintiff,             )
                                )
v.                              )      NO. 5:25-CV-00114-DCR-MAS
                                )
DENISE BURKETT, *et al.*,       )
                                )
         Defendants.            )
                                )

### REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Plaintiff James Hightower's ("Hightower") Motion to Amend Complaint [DE 41] and Defendants Dawn Patterson and John Golff's Motion to Dismiss [DE 46].

### I. BACKGROUND

Hightower initially filed this civil rights action on April 10, 2025, asserting claims against Defendants Denise Burkett, Dawn Patterson, John Golff, and Nurse Jane Doe, in their individual and official capacities. The original complaint alleges that a member of the medical staff at Northpoint Training Center ("NTC") allowed several inmates to deliver an X-ray taken of Hightower to his bed in an open cell. [DE 1]. Hightower alleges the violation of unspecified rights under the Eighth and Fourteenth Amendments, seeking monetary damages and an order preventing Kentucky Department of Corrections ("KDOC") staff from handing medical

information to another inmate.  In the original complaint, Hightower claimed he did not suffer any physical injuries, but an unspecified "mental injury" derived from the knowledge that an inmate handled his medical records.  [DE 1, PageID# 7].

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, District Judge Reeves undertook an initial review of Hightower's original complaint.  [DE 7].  The Court began with the individual capacity claims.  Reasoning that Hightower's only allegations against the three were that they denied the inmate grievances he filed and "the denial or failure to act upon an administrative grievance fails to establish the responding party's personal involvement in the underlying conduct and is therefore insufficient to establish liability under § 1983," the Court dismissed the claims against Burkett, Patterson, and Golff in their individual capacities with prejudice.  [DE 7; PageID# 50].  Noting the "rapidly approaching expiration of the statute of limitations" and Hightower's need to identify Jane Doe before it, the Court did not dismiss the claims against Jane Doe.[1]  Additionally, the Court refrained from conclusively determining whether Hightower's privacy claim is viable under the Fourteenth Amendment.  [DE 7, PageID# 51].  Instead, the Court stated that the remedy for Hightower's past injury was "quite limited" as Hightower was unable to seek monetary damages because he alleged that he did not suffer a physical injury.

---

[1] At this point, the Court explained that a plaintiff may not pursue a claim against an unidentified party.  [DE 7, PageID# 50].  Furthermore, replacing a "Jane Doe" defendant with previously unidentified party "is considered a change of parties and must comply with the requirements of Rule 15(c)(1)(C) when the change is made after the expiration of the applicable statute of limitations." *See Brown v. Cuyahoga Co., Ohio*, 517 F. App'x 431, 433 (6th Cir. 2013).

Turning to the official capacity claims, the Court determined that Defendant Denise Burkett is employed by the Commonwealth, thus, an official capacity claim against her serves as a claim against KDOC. [DE 7, PageID# 52]. Because KDOC is not a "person" subject to liability under § 1983 and the Eleventh Amendment does not allow federal district courts to have subject matter jurisdiction over a claim for money damages against state agencies, the Court allowed only the claim seeking injunctive relief to proceed. [DE 7, PageID# 52]. Furthermore, the Court determined that because Hightower alleged that prison officials repeatedly responded that it was acceptable for medical records to be delivered by inmates in the claimed fashion, the procedure may be a matter of prison policy, falling "squarely within the *Ex parte Young* exception."[2] In sum, after screening the original Complaint, the Court dismissed all individual capacity claims against Defendants Burkett, Patterson, and Golff with prejudice, and noted that only equitable relief is available for Hightower's claims.

Notably, Mr. Robert Chaney, counsel for KDOC, recently notified Hightower that Defendants Patterson, Golff, and Jane Doe are employees of Wellpath, not KDOC. [DE 35].

## II. AMENDED COMPLAINT

Now, Hightower moves for leave to amend his complaint. [DE 41]. The proposed amended complaint [DE 41-1] retains the same constitutional claims as the

---

[2] The *Ex parte Young* exception provides that "suites against state officials seeking equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment." *Mich. Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000).

original and provides additional factual support. The proposed complaint, however, again seeks to add official capacity claims against Defendants Burkett, Patterson, and Golff. To the initial Eighth and Fourteenth Amendment right to privacy claim, Hightower seeks to add Defendants Christian,[3] an APRN provider at Wellpath, and Elders,[4] Correctional Officer at NTC, both in their official and individual capacities. Hightower alleges that Defendant Christian was the individual that set the events at issue in motion by giving his x-rays to Defendant Jane Doe to send to Hightower. [DE 41-1, PageID# 285]. Additionally, Hightower alleges that an inmate runner handed his medical information to Defendant Elders, who then gave it to an inmate dorm runner to place on Hightower's bed. [DE 41-1, PageID# 285–86]. Still, Hightower does not allege any physical injury because of these events.

Additionally, the proposed amended complaint seeks to add new claims and six additional defendants as to events that occurred after the filing of the instant action. Specifically, Hightower intends to assert claims for retaliation and discrimination against Defendants Jennifer Tracy, Classification Branch Manager at KDOC; Abigail Caudill, Warden at NTC; Daniel Napier, Deputy Warden of Security at NTC; Stefany Hughes, Deputy Warden of Programs at NTC; Martha Slemp,[5] Unit Administrator at NTC; and "Debor,"[6] Assistant Unit Administrator at NTC, each in both their official and individual capacities.

---

[3] Hightower only provides one name for this Defendant. [DE 41-1, PageID# 281].
[4] Again, Hightower only provides one name for this Defendant, "Elders."
[5] Exhibits to Hightower's motion show that this Defendants correct legal name is "Martha Slemp." The Court will use this spelling moving forward.
[6] Hightower simply refers to this Defendant as "Debor" throughout the entirety of the proposed amended complaint.

In short, Hightower alleges that in May 2025, following the commencement of this action, he was made aware that several dorms were going to be changed to honor dorms. [DE 41-1, PageID# 295]. The trickle-down effects of this change would cause Hightower to be housed with or near members of a "white supremacist gang" that had previously robbed, extorted, and physically harmed Hightower. [DE 41-1, PageID# 296]. Hightower alleges that he and his mother wrote letters to Defendants Caudill, Napier, and Slemp explaining his concerns that his health and safety would be at risk if moved. [DE 41-1, PageID# 295–97]. At the end of May, Hightower alleges that he was taken into an office where he spoke with Defendant Napier via telephone. Defendant Napier inquired whether Hightower was safe in his present dorm, told him to stop writing letters, cease all civil litigation, and accumulate "clear time" to achieve honor status. [DE 41-1, PageID# 297]. The same evening, Hightower alleges that he received a letter from Defendant Hughes stating that his concerns would be taken into consideration. [DE 41-1, PageID# 298]. Hightower alleges that on June 13, 2025, an officer informed him that he was to be moved that afternoon. [DE 41-1, PageID# 299]. Hightower proceeded to "Debor's" office to ask why he was being moved to the side of the facility that also housed members of the "white supremacist gang." According to Hightower, "Debor" replied that Hightower did not have the "clear conduct" to be moved to an honor dorm; however, Hightower alleges that other inmates without "clear conduct" were moved to these honor dorms. [DE 41-1, PageID# 300]. Hightower also alleges a similar interaction with Defendant Slemp. [DE 41-1, PageID# 301].

Hightower alleges that he appealed the classification decision to Defendant Hughes, and later Defendant Tracy. [DE 41-1, PageID# 302, 304]. Hughes answered that "Inmate housing at NTC is based on the safety and security of the institution while adhering to policy." [DE 41-19, PageID# 302].

Although the proposed complaint is not entirely clear, the Court attempts to parse through Hightower's claims. In sum, Hightower appears to allege First Amendment retaliation and Fourteenth Amendment discrimination claims against Defendants Caudill, Napier, and "Debor," Tracy, and Hughes for using the dorm transfer of Hightower to treat him differently than other inmates and retaliate against him for filing the instant action. [DE 41-1, PageID# 300–03]. Against Defendant Slemp, Hightower alleges an Eighth Amendment claim for failure to protect from known dangers to his health. [DE 41-1, PageID# 301–02]. Additionally, Hightower alleges that by denying his appeal, Defendant Tracy violated his Fourteenth Amendment right to Due Process. [DE 41-1, PageID# 305].

Hightower requests injunctive relief to prevent NTC from allowing inmates to handle inmate medical information and to stop all retaliation and discrimination against Hightower. Furthermore, Hightower attempts to revive his claim for monetary damages, requesting $25.00 per day "for the whole time of this process for the violation of handing [Hightower's] medical information to another inmate" and $250,000 for the retaliation and discrimination by NTC staff. [DE 41-1, PageID# 307].

### III. LEGAL STANDARD

Where, as here, a litigant is proceeding *pro se*, any document filed by the *pro se* party should be "liberally construed, and a *pro se* complaint however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although the Sixth Circuit relatively liberally allows amendments to complaints beyond the initial of-right period; this Court is still bound by the confines of U.S.C. § 1915A. *See Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (noting that a motion for leave to amend is "granted except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility"). Under § 1915A, when a *pro se* prisoner initiates a civil action that seeks redress from a governmental entity or employee, the trial court must review the complaint and dismiss any part that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). In assessing a motion to dismiss under Rule 12(b)(6), the "court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true to state a claim for relief that is

plausible on its face.'" *Id.* (quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive this standard of review, a plaintiff must provide more than the bare assertion of legal conclusions. *Helton v. Dixon*, No. 05-CV-377-KKC, 2006 U.S. Dist. LEXIS 11791, at *18–19 (E.D. Ky. Mar. 21, 2006).

### IV. ANALYSIS

#### A. REVIVAL OF ORIGINAL CLAIMS AGAINST DEFENDANTS BURKETT, PATTERSON, AND GOLLF

As stated above, District Judge Reeves previously dismissed the individual capacity claims against Defendants Burkett, Patterson and Gollf with prejudice. In his proposed amended complaint, Hightower did not allege additional facts sufficient to impact the Court's previous ruling on these claims. Therefore, Hightower's Motion to Amend Complaint, insofar as it attempts to revive the previously dismissed individual capacity claims against Defendants Burkett, Patterson, and Golff, should be denied.

#### B. NEW EIGHTH AND FOURTEENTH AMENDMENT CLAIMS AGAINST DEFENDANTS CHRISTIAN, ELDERS, AND WELLPATH

Hightower alleges that Defendants Christian and Elders were both involved in the handling of his medical records, with Christian handing the x-rays to Nurse Jane Doe and Elders serving as a point of transfer of the records from one inmate to another. It appears that he attempts to bring similar, unspecified Eighth and

Fourteenth Amendment claims against both defendants. These new claims will be allowed to proceed.

As to the individual capacity claims, Judge Reeves previously explained that Sixth Circuit law regarding whether there is a due process right to privacy in medical information is context specific and, thus, requires a more robust development of the record before viability can be determined. [DE 7, PageID# 51]; *Lee v. City of Columbus*, 636 F.3d 245, 259–61 (6th Cir. 2011) (collecting cases). As such, the individual capacity claims against Defendants Christian and Elders shall be allowed to proceed at this time.

Regarding the official capacity claims, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Hightower alleges that Defendant Christian is employed by KDOC and Elders by Wellpath, a healthcare company that contracts with KDOC to provide medical services at NTC. Judge Reeves previously determined that the facts alleged by Hightower seem to indicate that this "mishandling" of records is a matter of prison policy that falls within the *Ex parte Young* exception.[7] [DE 7, PageID# 53]. Furthermore, Hightower's allegations against Defendants Christian and Elders go beyond merely denying inmate

---

[7] The Court stated, "If Hightower had alleged only that his medical report passed through the hands of numerous guards and inmates only once because of accident or neglect, the exception might not apply. But here, prison officials repeatedly and affirmatively responded that it was acceptable for medical records to be delivered to inmates in this fashion as long as the envelope was 'sealed.'" [DE 7, PageID# 52].

grievances.[8] Instead, Hightower alleges direct involvement in the handling of the medical records by Christian and Elders. Thus, this Court recommends that both the official and individual capacity claims against Defendants Christian and Elders be allowed to proceed. In making this decision, this Court does not pass judgment on the merit or ultimate outcome of these claims.

### 1. Service of Process

In his proposed amended complaint, Hightower only identifies Defendants Christian and Elders by one name. When faced with similar deficiencies, other Sixth Circuit courts have instructed the United States Marshals Service to attempt to serve process using the information provided by the plaintiff. If such attempts fail, courts will often require the employer of the partially unknown defendants to identify the defendants, even ordering service on a high-ranking official for the limited purpose of conducting discovery to determine the identities of the defendants when the employer is unable to identify the defendant. *See, e.g.*, *Mincy v. Hamilton County Justice Ctr.*, No. 1:20-CV-822, 2021 U.S. Dist. LEXIS 31480 (S.D. Ohio Dec. 3, 2021); *English v. Neil*, No. 1:20-CV-884, 2022 U.S. Dist. LEXIS 8267 (S.D. Ohio Jan. 18, 2022).

In reviewing the placement of the names in Hightower's handwritten filings, this Court believes that "Christian" is a first name and "Elders" is a last name. Additionally, Hightower has been able to identify both defendants' employers

---

[8] Judge Reeves dismissed Hightower's claims against Defendants Burkett, Patterson, and Golff for denying inmate grievances because "[t]he mere denial of a prisoner's grievances states no claim of constitutional dimension." [DE 7, PageID# 50]; *Alder v. Corr. Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003).

(Wellpath and KDOC, respectively), employment positions (APRN Provider at NTC and Correctional Officer at NTC, respectively), and the location of each defendant on the day in question (both were present at NTC on March 18, 2024, with Christian presumably working in medical and Elders at his post as Dorm Officer for Dorm Six). Further, on his service forms, Hightower provided the employer and address for both Defendants Christian and Elders. Accordingly, the United States Marshals Service shall attempt service on Christian and Elders using the information provided by Hightower.

C.  **CLAIMS AGAINST DEFENDANTS TRACY, CAUDILL, NAPIER, HUGHES, SLEMP, AND "DEBOR" BASED IN RETALIATION FOR THE INSTANT ACTION**

Regardless of how they are construed, Hightower's new retaliation-based claims against Defendants Tracy, Caudill, Napier, Hughes, Slemp, and "Debor" should be dismissed without prejudice because they are improperly joined in this action. Federal Rule of Civil Procedure 20(a)(2) provides that a plaintiff may not join unrelated claims and defendants unless those claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." In analyzing whether different claims arise out of the same transaction or occurrence, the Sixth Circuit tends to focus on overlapping proof. For instance, "if the proof of one claim would have no connection with the proof of the other, the claims do not arise out of the same transaction or occurrence." *Moore v. Mich. Dep't of Corr.*, No. 17-6107, 2018 U.S. App. LEXIS 25325, at *4–5 (6th Cir. Sept. 5, 2018) (citing *LASA Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 151 (6th Cir. 1969)).

Hightower's claims of alleged right to privacy violations by certain Defendants form the primary basis of his lawsuit. Hightower does not allege that Defendants Tracy, Caudill, Napier, Hughes, Slemp, or "Debor" had any involvement or connection to those original events and claim. Instead, Hightower claims that Defendants Tracy, Caudill, Napier, Hughes, Slemp, and "Debor" moved him to a dorm where they knew his health and safety would be in danger as retaliation for filing this proceeding. Further, Hightower does not begin to allege that the retaliation-based claims are connected to the original Eighth and Fourteenth Amendment claims beyond the fact that they stemmed from his intent to continue litigating this action. In fact, the only operative fact that the original and new claims share is the instant action. And there are no shared defendants. Therefore, the retaliation-based claims are not sufficiently related to the original Eighth and Fourteenth Amendment claims as they are distinct and do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the Eighth and Fourteenth Amendment claims forming the basis of this action. Thus, joinder of the retaliation-based claims would be improper. Because joinder of these unrelated claims would be inappropriate under FED. R. CIV. P. 20(a), Hightower's motion to amend should be denied with respect to these claims.

**D.   RELIEF SOUGHT**

As stated above, the Court previously limited the relief sought by Hightower to injunctive relief only. Even given his proposed amendment, Hightower does not allege any type of physical harm or injury qualifying him for monetary relief under 42 U.S.C. § 1997e(e). As such, this Court recommends that Hightower's relief remain limited to injunctive measures only.

E. **DEFENDANTS PATTERSON AND GOLFF'S MOTION TO DISMISS**

On October 24, 2025, Defendants Patterson and Golff filed a Motion to Dismiss Hightower's claims against them for failure to state a claim upon which relief can be granted. [DE 46]. However, because the proposed amended complaint will become the operative pleading upon filing, Defendants Patterson and Golff's Motion to Dismiss the original Complaint are now directed at a superseded pleading. Although the proposed amendment here adds factual detail without substantially altering the underlying claims, the Sixth Circuit treats such motions to dismiss moot once an amended complaint is accepted. *See, e.g., Crawford v. Tilley*, No. 5:18-CV-00623, 2020 U.S. Dist. LEXIS 99949, at *14 n.1 (E.D. Ky. June 8, 2020) (denying prior motions to dismiss as moot after permitting amendment of the original complaint); *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499–500 (S.D. Ohio 2002). Accordingly, upon granting leave to amend, the Court should deny the pending motions to dismiss as moot without prejudice.

Having fully considered the matter, and the Court being otherwise sufficiently advised,

**IT IS RECOMMENDED** as follows:

1. Plaintiff James Hightower's Motion to Amend Complaint [DE 41] be **GRANTED** with respect to the claims against Defendants Christian and Elders in their official and individual capacities and **DENIED** with respect to the claims against Defendants Tracy, Caudill, Napier, Hughes, Slemp, and "Debor." Insofar as Hightower's Motion to Amend seeks to revive

previously dismissed individual capacity claims against Defendants Burkett, Patterson, and Golff it is **DENIED**.

2. Defendants Dawn Patterson and John Golff's Motion to Dismiss [DE 46] is **DENIED AS MOOT**.

*Right to Object*

The Court issues this Recommended Disposition under Federal Rule of Civil Procedure 72(b)(1) and 28 U.S.C. § 636(b)(1)(B). Within fourteen days (14) after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make timely objections consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466, 468 (1985).

Signed this the 7th of November, 2025.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY